# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH K. NAMER | CIVIL ACTION |
| VERSUS | No. 19-412 |
| SPECIAL LOGISTICS SOUTHEAST, LLC ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is plaintiff Sarah K. Namer's ("Namer") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is denied.

## I.

This case arises out of a motor vehicle accident that occurred on March 3, 2016.[2] Namer filed this lawsuit on March 2, 2017 in the 24th Judicial District Court for the Parish of Jefferson in Louisiana, alleging that she and her minor son were injured during the accident and that the accident was solely caused by the other driver's negligence.[3] The other vehicle was being driven by Randolph Williams ("Williams"), who Namer alleges was acting in the course and scope of his employment with defendant Special Logistics Southeast, LLC ("Special Logistics") at

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 9-2, at 2.
[3] *Id.* at 3.

the time of the accident.⁴ The other defendants are Cottingham & Butler Claims Service, Inc. ("Cottingham") and Old Republic Insurance Company ("Old Republic").⁵

Namer requested service of the petition for damages on all of the named of defendants on May 31, 2017.⁶ Both Cottingham and Old Republic were served through the Louisiana Secretary of State on June 12, 2017.⁷ Special Logistics was eventually served with the petition for damages on December 21, 2018.⁸

On January 18, 2019, defendant J.B. Hunt Transport, Inc. ("J.B. Hunt")—as the surviving entity following a series of mergers involving Special Logistics—removed the case to federal court.⁹ Namer now moves to remand the case pursuant to 28 U.S.C. 1447(c).¹⁰

## II.

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any action over which the federal courts have original jurisdiction. Pursuant to § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

---

⁴ *Id.*
⁵ *Id.* at 1–2. Penske Truck Leasing Co., L.P. ("Penske") was also originally a named defendant. R. Doc. No. 9-2, at 2. However, according to the notice of removal, Penske was voluntarily dismissed from the case on January 17, 2019 and is, therefore, no longer a party. R. Doc. No. 1, at 3.
⁶ R. Doc. No. 9-1, at 2 (citing R. Doc. No. 9-3).
⁷ *Id.* at 3 (citing R. Doc. No. 9-4).
⁸ *Id.* at 4 (citing R. Doc. No. 9-7).
⁹ *See generally* R. Doc. No. 1.
¹⁰ R. Doc. No. 9, at 1. Namer also cites Rule 12(h) of the Federal Rules of Civil Procedure, but she never explains its applicability or why it supports her motion to remand.

2

When a court's jurisdiction is challenged in a motion to remand, "[t]he removing party bears the burden of establishing that federal jurisdiction exists" and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Namer concedes that complete diversity exists among the parties and that the amount in controversy meets the jurisdictional requirement.[11] Nonetheless, she argues that the case should be remanded because J.B. Hunt's removal was untimely.[12] She contends that because the lawsuit was filed on March 2, 2017 and not removed until January 18, 2019—over one year later—removal is improper under § 1446. Section 1446(c)(1) provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

---

[11] R. Doc. No. 9-1, at 6. According to the petition, Namer is a Louisiana domiciliary, and each of the corporate defendants is a foreign company. *See* R. Doc. No. 9-2, at 1–2. The notice of removal supports the same: Special Logistics was a Texas limited liability company with its principal place of business in Alabama; J.B. Hunt is a Georgia corporation with its principal place of business in Georgia; Cottingham is an Iowa corporation with its principal place of business in Iowa; and Old Republic is a "foreign insurance company" with both its domicile and principal place of business located in Pennsylvania. R. Doc. No. 1, at 2–3. No proof of service has been filed into the record as to Williams, although the Court notes that all parties agree he is an Alabama resident. *Id.* at 2; R. Doc. No. 9-2, at 2.
[12] *See* R. Doc. No. 9-1, at 7.

3

Namer argues that she has not acted in bad faith to prevent removal as evidenced by her multiple attempts to perfect service.[13] However, bad faith is irrelevant here: the foregoing limitation only applies to cases removed "under subsection (b)(3)." *Id.* Subsection (b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The one-year limitation set forth in subsection (c)(1) is, therefore, inapplicable to cases that were removable based on the initial pleadings. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (holding that "the one-year limitation on removals applies only to . . . cases that are not initially removable") (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)); *Howell v. Dolgencorp, LLC*, No. 18-1083, 2018 WL 6933468, at *2 (W.D. La. Dec. 17, 2018) (applying *Johnson* and *Deshotel* to the current version of the removal statute and noting that the "'one-year rule' only applies to cases that were *not* originally removable"); *STF No. 1001, L.P. v. Wright*, No. 12-2136, 2012 WL 5384178, at *2 n.18 (S.D. Tex. Nov. 2, 2012) (explaining that the one-year limitation does not apply to cases "removable as first filed").

Namer concedes that the case was removable based on the initial pleadings. As a result, the one-year restriction does not apply. Because J.B. Hunt removed this

---

[13] R. Doc. No. 9-1, at 7–8.

action to this Court within thirty days of its receipt of the petition, removal was timely, and Namer's request for remand is unwarranted. *See* 42 U.S.C. § 1446(b).

## III.

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

New Orleans, Louisiana, March 25, 2019.

                                      **LANCE M. AFRICK**
                         **UNITED STATES DISTRICT JUDGE**